Sheldon F. Wiokes, J.
On November 20, 1968 the defendant made a number of oral motions to dismiss this indictment which accuses the defendant of “ the crime of Illegal Possession of Dangerous Weapons in violation of Section 1897, Paragraph 3, of the Penal Law of the State of New York, a felony ’ ’.
Subdivision 3 of section 1897 of the Penal Law reads as follows: “ 3. Any person who has in his possession any firearm, gravity knife, switchblade knife, billy, blackjack, bludgeon, metal *894 knuckles, sandbag, sandclnb or slingshot is guilty of a misdemeanor, and he is guilty of a felony if he has previously been convietéd of any crime ’ ’.
Obviously a prior conviction of crime is necessary to make the charge of illegal possession ,of weapons a felony instead of a misdemeanor.
Therefore, section 275-b of the Code of Criminal Procedure applies under the provisions of subdivision 1 thereof.
One of the motions to dismiss this indictment is on the ground “ that it fails to comply with Section 275-b, Subdivision 3 of the Code of Criminal Procedure in that the information charging the defendant with a prior conviction herein was filed some two years after the original indictment was filed ”. The defendant apparently means by this and in his memorandum of law contends that the separate information charging the defendant with having been previously convicted of crime was not filed with the indictment as required by subdivision 3 of section 275-b of the Code.
Subdivision 3 of section 275-b reads as follows: “ 3. A separate ■information charging the defendant with having been previously convicted of such other crime shall be filed with the indictment and shall be part of the official court record. At the trial, for the purpose of proving the crime ‘ as a felony ’, the people may not prove or offer to prove any prior conviction other than the one named in the information.”
The information required by section 275-b was not filed with the indictment at the time it was returned and filed in May, 1966.
Furthermore, the required information was not filed until sometime in June, 1968 — more than two years later.
This is not a sufficient or timely compliance with the mandate of subdivision 3 of section 275-b.
The motion to dismiss the indictment on the ground that the People failed to comply with section 275-b of the Code of Criminal Procedure is granted.
It is unnecessary to decide the defendant’s other motions to dismiss the indictment. It is also unnecessary to allow or disallow the defendant’s demurrer to the indictment.
The dismissal of this indictment is without prejudice to a resubmission of the case to another Grand Jury.-
An order dismissing the indictment in accordance with this decision should be submitted for signature by the defendant’s attorney.